## Commonwealth *v.* Landres, Appellant.

*Criminal law—Felonious entry—Evidence—Sufficiency—Charge of court.*

In the trial of an indictment for felonious entry, it appeared that the defendant was charged with breaking into a factory building with intent to feloniously steal certain packages of overalls. The defendant admitted the entry, but denied the guilt on the ground that he was one of the partners operating the factory and, as such, was part owner of the overalls contained therein. Evidence produced at the trial established that the defendant had been a partner, but that the partnership had been dissolved some time prior to the entry, and an agreement purporting to be signed by the defendant was introduced in evidence which provided for the immediate dissolution of the partnership. The defendant denied having signed the paper, and produced evidence to show that the prosecutor had treated him as a partner for some time after the alleged execution of the agreement of dissolution.

Under such circumstances, it was error for the trial judge to charge that if the jury should determine that the agreement was genuine the partnership was dissolved. This instruction was too broad in the light of the subsequent actions of the parties and it was for the jury to say, in view of all the evidence, whether, even if signed by the defendant, the agreement effected a dissolution of the partnership.

It was error to refer in the charge to the provisions of the Act of June 3, 1885, P. L. 60, relating to the appropriation by a partner of the assets of the partnership. The defendant was indicted for felonious entry and the charge of the court interjected into the case consideration of a different offense, for which the defendant was not indicted and for which he was not called upon to answer at the trial.

Argued October 27, 1924. Appeal, No. 175, Oct. T., 1924, by defendant, from judgment of Q. S. Schuylkill Co., Nov. T., 1923, No. 1144, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Harry Landres. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for felonious entry. Before BERGER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*A. D. Knittle,* and with him *J. H. Rothstein,* for appellant.

*M. M. Burke,* and with him *P. H. Burke* and *Cyrus M. Palmer,* District Attorney, for appellee.

OPINION BY KELLER, J., November 17, 1924:

Appellant was indicted for having, on November 12, 1923, broken and entered a factory building, in the Borough of Shenandoah, the property of one Longacre, with intent to steal and feloniously take and carry away certain denim overalls, the property of said Longacre, contrary to the provisions of the Act of March 13, 1901, P. L. 49. The defendant admitted the breaking and entering, but denied being guilty as indicted, because he

claimed to be a partner of Longacre in the business carried on in said factory, and as such, part owner of the overalls contained therein which, he alleged, were being delivered by him to a purchaser to whom he had sold them on behalf of the partnership. As the gist of the offense charged lies in the intent to commit a felony it follows that there could be no conviction of the defendant if he was, in fact, a partner in said factory business and part owner and possessor of the goods contained in said building.

The evidence produced on the trial established that the appellant, Landres, and Longacre had been partners in the business of manufacturing overalls in said factory building. The point in dispute was whether they were still partners on the date of the breaking and entry. Longacre contended that the partnership had been dissolved on October 31, 1922, and in support thereof produced a paper, (Exhibit 25), purporting to be signed and sealed by Landres and himself, which provided for an immediate dissolution of the partnership and the conveyance by Landres to him of the former's right, title and interest in the partnership assets. Landres denied having signed or delivered this paper, and in corroboration produced the testimony of a handwriting expert that his alleged signature was not genuine, and, further, showed that Longacre had held him out to third persons as a partner in the business long after the date of said paper. And it was admitted that Longacre, eleven months thereafter, had instructed his attorney to draw up papers for the dissolution of the partnership, and the settlement of the accounts between the two parties, and providing for the hiring of Landres as manager and the subsequent incorporation of the business, and the division of the capital stock between the two parties in the proportion of 51% to Longacre and 49% to Landres; which papers Landres had refused to sign. It was also undisputed that Longacre thereafter had placed new

locks on the building and that Landres had obtained entrance to the factory by breaking one of these locks.

In his charge to the jury the learned trial judge said, referring to Exhibit 25 above: "The genuineness of that paper is attacked, as you have heard here. You will examine it with great care, because it is important, and you will determine whether or not it is genuine. If it is genuine, then it dissolved the partnership. If it is not, it did not." If by the term, "genuine," the learned trial judge referred to the signature of Landres, the genuineness of which had been disputed, his instructions went too far. If Landres' signature to this paper was genuine, the jury, undoubtedly, might find that its effect had been to dissolve the partnership. But in view of the other and undisputed testimony that Longacre, after the date of said paper had represented that Landres was still a partner, had him sign notes on behalf of the business, and by instructing his attorney to draw up later articles of dissolution of the partnership, had negatived the operation and conclusiveness of the former paper, we think the instruction that, if genuine, it dissolved the partnership, was too broad. It was for the jury to say, in the light of all the evidence, whether, even if signed by Landres, it effected a dissolution of the partnership. The first assignment of error is sustained.

Later on in his charge the learned trial judge said: "Did Mr. Landres testify that Dr. Longacre was indebted to him in any manner? I don't recall that he did. He claims the right to take that property upon the ground that the L. & L. partnership was still in existence, if I apprehend the defense that has been made. Now, as bearing upon the question whether or not he had a bona fide belief that he had a right to take that property, the Act of the 3d of June, 1895, [1885, P. L. 60] is of great importance, and it reads thus: 'That if any member of a copartnership, without the consent of his associate or associates in such partnership, wilfully and fraudulently converts to his own use, or takes, makes

[way] with or secretes, with intent to convert to his own use or to the use of another, or withholds or appropriates or otherwise fraudulently applies or makes use of any money, goods, rights in action or effects belonging to such partnership, then he commits a wrong, which is punishable as a misdemeanor.' Now, merely because the taking by one member of a partnership from the goods of the partnership to convert it to his own use does not make such person guilty of larceny, it would make him punishable for a lesser crime. But in determining the important question in this case, whether Landres, when he took that property that night, knew that he was taking the property of Longacre as an individual, or of Longacre doing business individually as the L. & L. Overall Company, it is your duty, in determining what his intent was, to take into consideration every circumstance surrounding the transaction, including the act of assembly, which made it a wrong for Landres to appropriate the goods to himself, even though he was a partner."

This was error. It interjected into the case consideration of a different offense, for which the defendant was not indicted and which he was not called upon to answer at this trial. A trial on a charge of felonious entry was neither the time nor the place for a consideration of the state of accounts between the prosecutor and the defendant. If a partnership actually existed between the parties on the date the factory was entered it made no difference whether Longacre owed Landres or Landres owed Longacre; whether Landres was only making himself square with Longacre or not; whether he intended to use the proceeds for the benefit of the partnership or fraudulently convert them to his own use; he was not guilty of the crime for which he was indicted. If he was guilty of another and different crime, he must be tried on an indictment charging him with it; he could not be convicted of felonious entry because his actions had subjected him to prosecution for fraudulent conversion of

partnership property.   The effect of the charge was to mislead the jury into believing that if the defendant's intent in breaking into the factory building was to convert or appropriate the overalls fraudulently to his own use, he might be convicted of the offense on which he was being tried, even though he was a partner with Longacre.   The seventh and eighth assignments are sustained.

We find no other reversible error.   As the case goes back for a retrial, however, it is proper to state that the defendant on being asked if the signature to Exhibit 25 was his handwriting was entitled to see and examine the whole paper, as he asked to do, (page 172-a), before being required to answer the question: N. A. Fire Ins. Co. v. Throop, 22 Mich. 146, 7 Am. Rep. 638; Com. v. Whitney, Thacher Crim. Cas. (Mass.) 588; Loving v. Warren County, 1 Ky. Law Rep. 340.

The judgment is reversed and a new trial awarded.